## FIRE INSURANCE.

[Circuit Court of Ashtabula County.]

EUREKA FIRE & MARINE INSURANCE CO. v. WILLIAM GRAY.

Decided, January 31, 1902.

*Proofs of Loss—Delay in Furnishing—Not Available to an Insurance Company, When—Arbitration—Total Loss—Partial Loss—Section 3643, Prescribing Determination as to, by Jury.*

1. Where an insurance policy stipulates that proofs of loss must be forwarded within a reasonable time, but provides no penalty except that payment on the policy will be delayed until the proofs are furnished, the right to recover on the policy does not depend upon the time when the proofs are furnished.

2. The amount to be recovered on a fire policy in case of a total loss is a matter of public policy, and can not be waived; nor can it be arbitrated unless the loss is partial only. It follows, therefore, that where an award has been made, and an action is thereafter brought for a total loss, there can be no recovery unless a total loss is proven, and the only question for the jury is whether the loss is partial or total.

LAUBIE, J.; BURROWS, J., and COOK, J., concur

Heard on error.

The Eureka Fire & Marine Insurance Company v. W. Gray is a proceeding in error to reverse a judgment obtained by Gray upon a policy for the loss of a building, and in which the recovery was for a total destruction and the value of the building as mentioned in the policy.

Various defenses were set up, only one of which need be noticed, to-wit, an agreement to arbitrate and an award by the arbitrators.

Exceptions were taken to certain testimony offered upon the part of the plaintiff below in regard to the proofs of loss, and what had taken place at the time the agreement to arbitrate was signed, no part of which was prejudicial to the defendant, because the only issue as to the proofs of loss was as to time in which they were submitted to the company. There was no provision in this policy which made it void, or which provided that no action could be brought upon the policy if proofs of

loss were not submitted within a reasonable time. While it is stated in the policy that proofs of loss must be forwarded within a reasonable time, the only penalty for failure to do so is that payment of the loss will not be made until proofs of loss are furnished. They were forwarded in this instance some months after the fire, and even if they were not forwarded within a reasonable time, as the only penalty was that the loss should not be payable until they were furnished, all these exceptions in that behalf were immaterial, and the answers to the questions were not prejudicial to the defendant below.

As to the matter of the arbitration and award set up by the company, there was no denial by the plaintiff below, and, hence, on that account, unless there was a total loss, no recovery could be had, as the action was not upon the award. The Supreme Court of the state has held that the provision of Section 3643, Revised Statutes, in regard to the amount to be recovered in case of total loss, is a matter of public policy, and can not be waived by the parties; but that would not apply if it was but a partial loss.

Where there is a partial loss only, parties may agree to submit the question to arbitrators to determine the amount of the loss, as was done in this case; but where the loss is total the statute fixes the amount of recovery to be the value of the building as specified in the policy, and, although the parties may have submitted to arbitration the question of the amount of the loss, the assured can not be held to be bound by the award. This was recognized as the law by the court in its charge, and the jury were instructed that there could be no recovery in this case unless the evidence satisfied them that there was a total loss; and the court defined what a total loss was, and told the jury the amount that they must render judgment for in case they found there was such total loss. So, under the instructions which the court gave to them, the jury found that there was a total loss, and the evidence discloses conclusively that the loss was total. The evidence on this point submitted to the jury showed that even the walls that were left would be of no particular value in rebuilding. So far as the charge of the court is concerned, the court gave substantially the request

of the defendant below, and gave instructions that were prejudicial to the plaintiff and in favor of the defendant upon the question of the proofs of loss. No such charge ought to have been given. The only question which should have been submitted to the jury was whether the plaintiff had proved a total loss or not.

The judgment of the court below will be affirmed.